In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00114-CR


______________________________





EX PARTE: JOANNA GASPERSON





 


On Appeal from the 276th Judicial District Court


Marion County, Texas


Trial Court No. F1573




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Joanna Gasperson appeals pretrial orders denying her motion to set aside indictment for
failure to afford constitutional right to speedy trial and pretrial application for writ of habeas corpus
seeking relief from double jeopardy. 

 We addressed these issues in detail in our opinion of this date on Gasperson's appeal in
companion cause number 06-08-00113-CR. For the reasons stated therein, we dismiss Gasperson's
speedy trial interlocutory appeal filed before trial, conviction, and appeal for want of jurisdiction. 
Because we conclude that civil restitution does not constitute a criminal punishment to which
jeopardy can attach, we affirm the trial court's ruling finding no violation of double jeopardy. 



 Bailey C. Moseley

 Justice


Date Submitted: November 10, 2008

Date Decided: November 26, 2008


Do Not Publish



er Gaines was provided his Miranda (1) warnings, he willingly talked with Lamar County
sheriff's investigator Joe David Tuttle. During the initial interview lasting approximately one and
one-half hours, Gaines talked with Tuttle concerning the events surrounding Jeffery's death, starting
by denying involvement but then providing much the same details as Bowers.

 During cross-examination of Gaines' father, the State elicited testimony that Gaines had never
mentioned sudden passion when discussing the crime during jailhouse visits. Later, while cross-examining Gaines, the State referred to the fact that Gaines did not mention sudden passion during
custodial interviews in stating, "first time we heard this anger, uncontrollable anger, immediate
influence of sudden passion, was right before trial started." Gaines contends his counsel was
ineffective because he did not object to the prosecutor's comments and questions regarding Gaines'
post-arrest silence concerning the subject of sudden passion.

 Gaines bears the burden of proving, by a preponderance of the evidence, that counsel was
ineffective. Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). Any allegation of
ineffectiveness must be firmly founded in the record. Goodspeed v. State, 187 S.W.3d 390, 392
(Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To
evaluate claims of ineffective assistance of counsel, we apply the two-pronged Strickland test handed
down by the United States Supreme Court. See Strickland v. Washington, 466 U.S. 668 (1984).
First, Gaines must show that counsel's performance fell below an objective standard of
reasonableness when considering prevailing professional norms. Id. at 687-88. Second, Gaines
must show that the deficient performance damaged his defense. Id. Failure to satisfy either prong
of the Strickland test is fatal to the claim. Jaubert v. State, 74 S.W.3d 1, 9 (Tex. Crim. App. 2002).

 We evaluate counsel's performance while taking into consideration the totality of
representation and the particular circumstances of this case. Thompson, 9 S.W.3d at 813; Ex parte
Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). There is a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689;
Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim App. 2000). Therefore, we will not use hindsight to
second guess counsel's trial strategy. Hall v. State, 161 S.W.3d 142, 152 (Tex. App.--Texarkana
2005, pet. ref'd). 

 Once an accused is advised of his or her Miranda rights, and invokes the right to remain
silent, the Fifth Amendment to the United States Constitution prevents the State from using that
silence to impeach him or her. Szmalec v. State, 927 S.W.2d 213, 216 (Tex. App.--Houston [14th
Dist.] 1996, pet. ref'd). The trial record indicates that, even after Gaines was given a Miranda
warning, he freely spoke with investigators and did not invoke his right to remain silent. (2) Thus, this
record does not reveal the claimed error of counsel.

 In addition to testifying on direct examination that he was angry and enraged at his brother,
Gaines opened the door to the State's line of questioning when, in an attempt to strengthen his
sudden passion defense, he testified that he told officers about the way his brother treated him and
the fight they had. At that point, the State was entitled to question "the veracity of his exculpatory
story presented at trial." Id. at 217-18 (citing Bell v. State, 867 S.W.2d 958, 962 (Tex. App.--Waco
1994, no pet.) (defendant opened door to impeachment on his post-arrest silence in attempting to
strengthen defense through questions about his post-arrest statements to police).

 The record does not reveal why trial counsel failed to object to the State's comments and
questions regarding post-arrest silence. Accordingly, counsel's failure to object could have been a
part of his trial strategy. See Goodspeed, 187 S.W.3d at 393-94. Several reasonable explanations
appear. Since Gaines did not invoke his right to remain silent, the State did not violate his Fifth
Amendment rights. Even if this right had been invoked, Gaines' post-arrest failure to mention
sudden passion to officers was admissible because he testified about statements he made to them in
his direct testimony for the purpose of establishing his exculpatory defense. Finally, the information
the State sought to establish--that Gaines had not mentioned sudden passion before trial--had
already been established through the testimony of Gaines' father. See Dotson v. State, 146 S.W.3d
285 (Tex. App.--Fort Worth 2004, pet. ref'd) (State's questions to defendant for failure to mention
exculpatory defense during jailhouse conversations with nongovernmental entity did not violate
accused's right to remain silent). Counsel's actions fell within the range of reasonable professional
assistance.

 Because we determine that Gaines' counsel acted reasonably, there is no need to address the
second prong of the Strickland test which determines whether counsel's errors were so serious as to
deprive Gaines of a fair trial.

 We affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 30, 2008

Date Decided: July 31, 2008


Do Not Publish
1. Miranda v. Arizona, 384 U.S. 436 (1966). 
2. The fact that Gaines did not choose to remain silent distinguishes this case from Hall v.
State, 161 S.W.3d 142 (Tex. App.--Texarkana 2005, pet. ref'd), and Mendoza v. State, 959 S.W.2d
321, 323 (Tex. App.--Waco 1997, pet. ref'd).